WARREN A. METZLER, RELATOR, v. R. ROY BELCHER, DEFENDANT.

STEPHEN MANGAN, RELATOR, v. HENRY BIRINGER, DEFENDANT.

ANTHONY STEFANIC, RELATOR, v. JOSEPH CHIARAVALLO, DEFENDANT.

Submitted May 7, 1940—Decided September 5, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the relators, *Nicholas A. Tomasulo* .(*Maurice A. Scotch,* of counsel).

For the defendants, *Joseph A. Lettieri.*

BROGAN, CHIEF JUSTICE. The instant cases, three in number, are actions in *quo warranto,* the relators, Metzler, Mangan and Stefanic, claiming that the respondents, Belcher, Biringer and Chiaravallo, unlawfully usurped and retained the respective offices claimed by relators, namely, chief, first assistant chief, and second assistant chief of the Volunteer Fire Department of the borough of Roselle Park.

The state of case shows that the information is filed in the name of the state on the relation of the several moving parties. The name of the state has no place in the record and should not have been used merely because of the nature of the writ. (See Supreme Court rule No. 15). An information of this character, where the relator claims the municipal office in question for himself, may be filed as a matter of right. *R. S.* 2 :84-7.

The information in each case avers that the relator was appointed to the claimed office in the fire department of the borough of Roselle Park by resolution of the governing body on January 1st, 1938, for a term of one year; that the said municipality is served by a volunteer fire department and that the relator in each case is an exempt fireman; that on June 16th, 1938, the legislature of this state passed a statute entitled "An act providing for tenure of office of exempt firemen," *Pamph. L.* 1938, *ch.* 385. This statute, in its first section, ordains: "Every exempt fireman holding an exempt fireman's certificate issued in accordance with the laws of this state now employed or holding any office or position * * * shall continue in said employment, office or position during good behavior and shall not be removed from said employment, office or position except for good cause shown after a fair and impartial hearing upon written charges preferred against him."

The averments of the plea in each case are the same, viz.: that the respondent holds the office by virtue of the fact that

he was appointed thereto on the first day of January in the year 1940, by the governing body of the municipality for a one year term; that the appointment was made under an ordinance of the borough which has been in effect since the year 1915, wherein a fire department and the several offices therein were created; that he has entered upon the duties of the office in a legal manner; that he does not usurp the same and prays judgment; to which in each case a demurrer was filed.

The relators, in their argument, take the position that the statute in question, *supra,* bestowed tenure of office upon each of them respectively because of their status as exempt firemen. The respondents argue, first, that the said statute has been declared unconstitutional, relying on *Joyce* v. *Price,* 123 *N. J. L.* 171; second, that having accepted the office for a fixed term, namely, one year, relators have waived the benefits of the tenure subsequently bestowed by statute; third, that the relators, having demurred to the respondent's pleas, "have opened up the whole record" and in these circumstances judgment will go against the party whose pleading is defective, and that since the respondents have set up facts entitling them to the office there must be judgment accordingly.

As to the first point—that the pertinent statute has been declared invalid—we do no so construe the judgment of this court in *Joyce* v. *Price, supra.* The holding in that case, in a word, is that the act is ineffectual to extend tenure to positions and employments and is to that extent invalid; and this is so, as the opinion carefully points out, because the inclusion of positions and employments in section 1 of the statute goes beyond the purview of the title which has to do with offices only. Because the statute, *supra,* has been held invalid as to positions and employments, that fact does not nullify the statute in its entirety. The main purpose of the act is constitutional and has been held so to be. (See *Dooley* v. *Roberson,* 123 *N. J. L.* 51). And where, as here, the express purpose of the act as stated in the title is constitutional, that may be carried into effect although there may be other super-added elements which do violence to sound, legal principles on constitutional lines. The general rule is that a statute may be in part con-

stitutional and in part unconstitutional, and if the parts are wholly independent of each other that which is constitutional may stand while that which is unconstitutional will be rejected, and this rule applies even though the constitutional and unconstitutional parts are in the same section of the act, but if the parts are inseparably connected with each other the entire statute will be held void. 59 *C. J.* 630, *et seq.*, § 205. *State* v. *Kelsey,* 44 *N. J. L.* 1; *Attorney-General* v. *Anglesea,* 58 *Id.* 372; *Rader* v. *Township of Union,* 39 *Id.* 509; *Evernham* v. *Hulit,* 45 *Id.* 53; *Hickman* v. *State,* 62 *Id.* 499; *Hann* v. *Bedell,* 67 *Id.* 148; *Eastwood* v. *Russell,* 81 *Id.* 672; *State Board of Health,* v. *Schwarz Bros. Co.,* 86 *Id.* 170; *Stackhouse* v. *Camden,* 96 *Id.* 533; *Michaelson* v. *Wall Township,* 92 *Id.* 72; *Collins* v. *Sauer,* 89 *Id.* 139; *State* v. *Pisaniello,* 88 *Id.* 262; *State* v. *Davis,* 72 *Id.* 345; *Johnson* v. *State,* 59 *Id.* 535; *Fagan* v. *Payne,* 75 *Id.* 851, 855, *et seq.*

It is argued under the second point that the relators accepted appointment for a fixed term. It is clear that the relators were appointed for a one year period on January 1st, 1938, and that the statute in question was passed on June 16th of the same year. The plea of the respondents does not show that the relators were subsequently appointed in 1939 and accepted office by complying with the statutory requirements for such acceptance. All that is said in the plea is that "annually" a chief of the fire department is appointed and that said appointment is made "annually" on the 1st of January. If, as a matter of fact, the relators were appointed in 1939 and accepted the office in legal form, that situation should have been pleaded affirmatively so as to make out the waiver which the respondents seek to argue in their brief; but it is not pleaded and, in the absence of such particular affirmative plea, the court will not presume that relators were again appointed to office in 1939 and accepted same.

Nothing much need be said about the final point. The respondents obtain no advantage because the relators demurred. The information is properly pleaded. The plea sets up nothing more than the fact that the respondents were appointed in January, 1940, by the governing body of the

municipality. The appointment of the respondents in the face of the statute, which gave tenure of office to the relators, has no validity whatever.

There will be a judgment in favor of the relator in each case and a judgment of ouster against each respective respondent, with costs.